UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Lawrence Lester,<br>　　　　　　*Defendant.* | 16 Cr. 800 (PGG) |
| Lawrence Lester,<br>　　　　　　*Petitioner*<br><br>v.<br><br>United States of America,<br>　　　　　　*Respondent.* | 19 Civ. 5665 (PGG) |

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS Lawrence Lester has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Petitioner's former trial counsel, Michael Cohen, Esq. ("Counsel") is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof.

Responsibility Formal Op. 10-4p56 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that Lawrence Lester execute and return to this Court within 30 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form.  If the document is not received by the Court within 30 days from today's date, the Court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is

FURTHER ORDERED that no later than 30 days from the date that Lawrence Lester's Informed Consent is filed, Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and it is

FURTHER ORDERED that no later than 30 days from the date that Counsel files his affidavit, the U.S. Attorney's Office shall further respond to Lawrence Lester's § 2255 motion. The Clerk of the Court is directed to mail a copy of this order by certified mail to Lawrence Lester, 932 Clearwater Court, Mt. Vernon, WA 98273.

Dated: New York, New York
       September 2, 2020

_____
The Honorable Paul G. Gardephe
United States District Court Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>    v.<br><br>Lawrence Lester,<br>     *Defendant.* | **16 Cr. 800 (PGG)** |
| Lawrence Lester,<br>     *Petitioner*<br><br>    v.<br><br>United States of America,<br>     *Respondent.* | **19 Civ. 5665 (PGG)** |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Lawrence Lester

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Michael Cohen, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know

that the Court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within thirty (30) days from the date of the Court's Order directing your former attorney to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Michael Cohen, to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

_____


Sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_

_____
Notary Public

2